UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT MATHIS McCREERY, Jr.,<br><br>Defendant. | Case No. 4:08-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Robert Mathis McCreery, Jr.'s letter requesting "representation to file a compassionate release." Dkt. 210. The Court construes the letter as a motion to appoint counsel to assist him with obtaining compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, the Court will deny the motion.

# ANALYSIS

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). More germane to this case, there is no constitutional right to appointed counsel in

proceedings under 18 U.S.C. § 3582(c). *See United States v. Townsend*, 98 F.3d 510, 512-513 (9th Cir. 1996); *United States v. Meyers*, No.12-cr-00248-PJH-3, 2022 WL 602518, at *1 (N.D.Cal. Mar. 1, 2022) (applying *Townsend* specifically to proceedings under 18 U.S.C. § 3582(c)(1)(A)). Instead, the decision whether to appoint counsel in post-conviction proceedings rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005).

The Court is sympathetic to the fact that incarcerated persons face certain added difficulties when representing themselves *pro se*. However, Mr. McCreary has not asserted or provided the sort of exceptional circumstances that must be present before the Court will exercise its discretion to appoint counsel. He merely states that he wants to seek compassionate release.

## ORDER

**IT IS ORDERED** that Robert Mathis McCreery, Jr.'s Motion for Appointment of Counsel (Dkt. 210) is **DENIED**.

DATED: June 2, 2022

_____
B. Lynn Winmill
U.S. District Court Judge