UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT M. MCCREERY, JR.,<br><br>Defendant. | Case No. 1:08-cr-00091-BLW-4<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Robert M. McCreery Jr. is serving a 240-month sentence after pleading guilty to one count of conspiracy to distribute methamphetamine and one count of tampering with a witness. Before the Court is Mr. McCreery's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 211. The Government opposes the motion. Dkt. 215. For the reasons discussed below, the Court will grant Mr. McCreery's motion.

# RELEVANT BACKGROUND

In June 2008, the Grand Jury returned a superseding indictment charging Mr. McCreery with conspiracy to distribute methamphetamine, use of the mail for murder for hire, and tampering with a witness. Dkt. 33. A few months later, the

government filed a superseding information indicating its intent to seek increased punishment under 21 U.S.C. § 851. Dkt. 100. The information alleged that based on Mr. McCreery's 2007 felony drug conviction, Mr. McCreery would be subject to a mandatory minimum sentence of 240 months on Count 1. *Id.* On November 6, 2008, Mr. McCreery plead guilty to Count 1, conspiracy to distribute methamphetamine, and Count 6, tampering with a witness. Dkt. 101.

The Court sentenced Mr. McCreery on March 31, 2009. Dkt. 132. The Court determined that the base offense level was 32, sustained the defendant's objection to the PSR's failure to include acceptance of responsibility, and overruled the defendant's other objections, leading to an adjusted offense level of 31. With criminal history category III, the applicable guideline range was 135-168 months. However, the Court determined that Mr. McCreery was subject to a mandatory minimum sentence of 240 months under 21 U.S.C. § 851 because of his June 11, 2007 Bannock County felony conviction for possession of a controlled substance with intent to deliver (Case No. CR-2006-23932-FE). Accordingly, the Court imposed the mandatory minimum sentence.

Mr. McCreery has now spent about 170 months in federal prison. While he has been serving his sentence, Congress has enacted significant changes to federal sentencing law. He now brings a motion asking the Court to reduce his sentence

MEMORANDUM DECISION AND ORDER - 2

under § 3582(c)(1)(A)(i). Dkt. 211.

## LEGAL STANDARD

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)) (cleaned up). One such limited circumstance is a motion for compassionate release as authorized by Congress in 18 U.S.C. § 3582(c)(1)(A)(i). Before filing a motion for compassionate release, the defendant must exhaust his administrative remedies before the Bureau of Prisons. *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). If exhaustion has occurred[1], relief is authorized if the defendant shows by a preponderance of the evidence that: (1) a reduced sentence is consistent with applicable Sentencing Commission policy statements; (2) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) favor relief; and (3) "extraordinary and compelling reasons" warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

## ANALYSIS

### A. Applicable Sentencing Commission Statements

---

[1] The parties agree that Mr. McCreery exhausted his administrative remedies. *Mot. Reduce Sentence* at 6, Dkt. 211; *Resp. Opp'n Mot. Reduce Sentence* at 3, Dkt. 211

**MEMORANDUM DECISION AND ORDER - 3**

The Sentencing Guidelines provide a policy statement that outlines when compassionate release is appropriate when motions for release are initiated by the Bureau of Prisons. *See* U.S.S.G. § 1B1.13. However, § 1B1.13 does not apply to motions initiated by the defendant because, as the Ninth Circuit has noted, "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). Thus, there is no applicable policy statement binding the Court's consideration of extraordinary and compelling reasons in this case. *Id. See also United States v. Adame*, No. 1:18-cr-00391-BLW, 2022 U.S. Dist. LEXIS 108995, at *11-12 (D. Idaho Jan. 4, 2022)

B. **The § 3553(a) Sentencing Factors**

The Court will begin by addressing the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a). On balance, these factors support Mr. McCreery's motion.

The statute first instructs the Court to examine the nature and circumstances of the offense. Mr. McCreery's offense was undoubtably severe. The evidence showed that he personally distributed about 1.5 pounds of methamphetamine. PSR ¶ 35. Even more troubling, Mr. McCreery attempted to organize the killing of a witness against his father. On May 28, 2008, law enforcement recorded a telephone

**MEMORANDUM DECISION AND ORDER - 4**

call between Mr. McCreery and his father (who was in custody). Mr. McCreery's father instructed him to write down the address of a cooperating witness, place it in an envelope with money, and give it to a would-be hit man. PSR ¶ 29. Following those instructions, on June 5, 2008, Mr. McCreery met with an undercover officer, gave him $500 alongside the address, and told the officer that his father wanted the witness "gone" because "it would be better because that way he can't testify." PSR ¶ 31.

Both of these crimes are very serious. The Court appreciates the significant harm that a large amount of methamphetamine wreaks on Idaho communities. Simply put, drug-trafficking conspiracies have a very negative effect on society as a whole. And witness tampering is an extremely serious offense with dangerous consequences for the legal system. As the Court explained in its sentencing colloquy with Mr. McCreery,

> If the situation had developed, as you apparently wanted it to, and if the witness had actually been murdered, you would have been facing a death penalty . . . . I've never seen a case that troubled me as much. . . . I don't have any qualms at all in thinking that the 20-year sentence in this case is very appropriate. And I could well justify even a longer sentence; although, I'm not going to do that.

*Trans.* 14:19-22; 16:19; 17:13-17, Dkt. 185.

The government's sole argument in opposing this motion is that this factor

**MEMORANDUM DECISION AND ORDER - 5**

does not support early release because Mr. McCreery "remains just as much a danger to society [as] when the Court originally sentenced him." Dkt. 215 at 4. The Court agrees with the government that the seriousness of Mr. McCreery's offense raises genuine concerns about the need to protect the public. But the government seems to argue these concerns should be dispositive. On that point, the Court disagrees. The Court cannot accept that the seriousness of a crime, standing alone, shows that a defendant is still dangerous. Section 3582(c)(1)(A) allows the court to reduce a sentence "in *any* case," no matter how serious the crime, so long as it is satisfied that the statutory criteria are met. So the Court will look to Mr. McCreery's history and characteristics—both at the time of the offense and during the intervening 14 years.

 Mr. McCreery was quite young when all this started. He began using methamphetamine at age 18 and committed these offenses when he only 23. PSR ¶ 82. Notably, he committed these crimes in connection with and at the direction of his father. PSR ¶¶ 1-33. None of that excuses the crimes, but it does provide important context. Things have changed quite a bit in the intervening years. Now, Mr. McCreery is 38 years old and has spent significantly more of his adult life in prison than he spent as a free man. He has a truly admirable prison record. He took advantage of the educational opportunities to learn about and become certified in

MEMORANDUM DECISION AND ORDER - 6

automotive engineering. Dkt. 211-1 at 7-14. Because of his good conduct, he has been moved from a high security facility to a low security one. Most impressive is his employment record with UNICOR. He earned promotions and worked as a lead mechanic for 8 years. *Id.* at 16. In short, despite spending many of his formative adult years in prison, he has been proactive about taking opportunities to not only better himself but prepare himself to reenter society—even though that prospect was decades away.

    Mr. McCreery's efforts towards rehabilitation fulfill the needs to "provide the defendant with needed education or vocational training" and "other correctional treatment." 18 U.S.C. § 3553(a)(2)(C)-(D). More importantly, they satisfy the Court's concern about protecting the public. In particular, the Court recognizes that although Mr. McCreery's crimes arose primarily from his addiction, he has been sober for 15 years. Dkt. 217-1. Relapse is a serious risk as he makes the difficult transition back into society, particularly because he spent many of his developmentally critical years in prison. But the Court is convinced that he has an exemplary release plan that will set him up for success. Dkt. 217-2; Dkt. 217-4. That plan—in combination with his demonstrated determination to rehabilitate himself and impressive work ethic—gives the Court confidence that he is no longer a danger to the public.

MEMORANDUM DECISION AND ORDER - 7

Turning to the remaining § 3553(a) factors, Mr. McCreery has already served more than 70 percent of his original sentence (not accounting for good time credit). A 170-month sentence reflects the seriousness of his offense, promotes respect for the law, and fulfills the need for "just punishment." 18 U.S.C. § 3553(a)(1), (a)(2)(A). A sentence of this length adequately deters "criminal conduct." *Id*. § 3553(a)(2)(B). Finally, as discussed further below, Mr. McCreery's release will reduce rather than increase sentencing disparities. It is virtually certain that he would receive a much shorter term if sentenced today.

### C. Extraordinary and Compelling Circumstances

Next, the Court must determine whether Mr. McCreery's case presents extraordinary and compelling reasons warranting a sentence reduction. Mr. McCreery argues that the disparity between the sentence he received and the one the Court would likely impose under today's sentencing laws fits the bill.

Since the Court sentenced Mr. McCreery, Congress has enacted two non-retroactive changes to federal drug trafficking laws that would have applied in his case.[2] Most significantly, under the First Step Act, his 2007 conviction would not qualify as a "serious drug felony" that would enhance his mandatory minimum

---

[2] The government does not address or contest Mr. McCreery's representation of the changes in law, how they apply to his case, or whether they are extraordinary and compelling.

**MEMORANDUM DECISION AND ORDER - 8**

under § 841. Now, a conviction only qualifies as a "serious drug felony" if the defendant "served a term of imprisonment of more than 12 months" on the conviction. 18 U.S.C. § 802(57)(A). Mr. McCreery served about five months in custody on his 2007 conviction. Dkt 217-3; *PSR* ¶ 66. In addition, Congress adopted Amendment 782 in 2014, which changed the drug guidelines. Under the new guidelines, Mr. McCreery's offense level would be two points lower. Together, these changes mean that if Mr. McCreery were sentenced today, he would present an offense level of 29 and a criminal history category III, yielding a guideline range of 108-135 months. His mandatory minimum sentence would be 120 months, rather than 240.

The question is whether the disparity between the sentence the Court imposed and the sentence the Court would likely impose under the non-retroactive changes to sentencing law is extraordinary and compelling. In *United States v. Chen,* the Ninth Circuit recently provided important guidance about precisely this issue:

> [D]istrict courts may consider non-retroactive changes in sentencing law, in combination with other factors particular to the individual defendant, when analyzing extraordinary and compelling reasons for purposes of § 3582(c)(1)(A). There is no textual basis for precluding district courts from considering non-retroactive changes in sentencing law when determining what is extraordinary and compelling.

**MEMORANDUM DECISION AND ORDER - 9**

> Congress has only placed two limitations directly on extraordinary and compelling reasons: the requirement that district courts are bound by the Sentencing Commission's policy statement, which does not apply here, and the requirement that "[r]ehabilitation . . . alone" is not extraordinary and compelling. Neither of these rules prohibit district courts from considering rehabilitation in combination with other factors. *See* 18 U.S.C. § 3582(c)(1)(A); 28 U.S.C. § 994(t). Indeed, Congress has never acted to wholly exclude the consideration of any one factor, but instead affords district courts the discretion to consider a combination of "any" factors particular to the case at hand. *See Aruda*, 993 F.3d at 801.

No. 20-50333, 2022 U.S. App. LEXIS 26096, at *13-14 (9th Cir. Sep. 14, 2022). With that guidance in mind, the Court has no hesitation in finding Mr. McCreery's sentencing disparity extraordinary and compelling. The laws on the books today would reduce Mr. McCreery's mandatory minimum sentence by 50 percent. That disparity is extraordinary. Furthermore, Mr. McCreery has already spent 170 months in federal custody. It is compelling that he has already exceeded both the mandatory minimum sentence and the high end of the guideline range sentence that the Court would consider if sentencing him today. This disparity, combined with Mr. McCreery's rehabilitation, warrant a sentence reduction.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to Reduce Sentence (Dkt. 211) is **GRANTED**.

MEMORANDUM DECISION AND ORDER - 10

2. Defendant's Custodial Sentence is hereby reduced to time served. All other provisions of his sentence remain as originally set.

DATED: October 7, 2022

B. Lynn Winmill
U.S. District Court Judge